HENRY W. KNIGHT *v.* ARTHUR W. MACNEIL AND ALICE MACNEIL.

January Term, 1917.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed March 3, 1917.

*Promissory Notes—Note Given as Liquidated Damages in Case of Non-Performance of a Contract by the Maker.*

By written contract plaintiff agreed to sell to the defendants and the defendants to purchase a certain dry goods business, an inventory of which was to be taken and the price thereby determined. The contract provided that, since the taking of the inventory would damage the seller in case the purchaser should fail to carry out his agreement, it was agreed that the damage to the seller in that event would be five hundred dollars, and that the defendants should execute and deliver to the plaintiff a promissory note for five hundred dollars, to be as liquidated damages if the defendants should fail to carry out their part of the agreement, but other-

wise to be treated as part of the purchase price. Before the time for taking the inventory defendants informed plaintiff that they had decided not to purchase. *Held*, plaintiff was entitled to recover upon the note.

ASSUMPSIT upon a promissory note. Plea, the general issue, with notice. Trial by court at the September Term, 1916, Washington County, *Fish*, J., presiding. Judgment for defendants, on facts found by the court. Plaintiff excepted.

The finding of facts stated that on July 9, 1915, plaintiff and defendants entered into a written contract whereby plaintiff agreed to sell and defendants agreed to purchase plaintiff's dry goods business and stock of merchandise. It was provided therein that an inventory should be commenced not later than August 1, 1915, and continued without unnecessary delay until completed, and upon the completion thereof plaintiff should deliver the property to defendants, and defendants should accept and pay for the same according to the amount ascertained by the inventory. The agreement contained the following provision:

"And whereas, it is agreed that the time and expense taking an inventory, and the loss of trade thereby occasioned would give damage to the seller in case the purchaser should fail or neglect to carry out his part of this agreement, now therefore to obviate dispute and litigation, as to the amount of damages in that event, it is hereby agreed that the damage to the seller in such case will be the sum of five hundred dollars, and the purchaser to execute and deliver to the seller his promissory note for said sum of five hundred dollars, payable in 30 days from its date, to be signed and delivered upon the execution and delivery of these articles of agreement, said five hundred dollars to be as and for liquidated damages for the failure of the purchaser to carry out his part of these articles of agreement, but in case the purchaser does carry out his part of said agreement then said note is to be treated as part of the purchase price of said stock of merchandise and fixtures, and the seller on his part agrees that on the signing of these articles of agreement, he will execute and deliver to the purchaser his note for five hundred dollars payable.......... days from its date the same to be for liquidated damages in case the seller should fail to carry out his part of this agreement, but in case the seller should carry out his part of this agreement,

then upon the delivery of the merchandise and fixtures as aforesaid, said five hundred dollar note so executed by said seller is to be null and void, and is to be returned by the purchaser to the seller."

The note upon which suit was brought was the one given by defendants in pursuance to the foregoing agreement.

On July 30, 1915, defendants wrote plaintiff saying, "We return herewith your note of July 9, 1915, and ask you to return us our note of the same date. We will not purchase your store, goods, lease, etc., and there is no occasion to take an inventory or close the store."

*Earle R. Davis* and *Edward H. Deavitt* for the plaintiff.

*S. Hollister Jackson* for the defendants.

HASELTON, J. This is an action of assumpsit brought to recover on a promissory note for five hundred dollars. The general issue was pleaded, and thereunder notice was given of the defence relied on, a matter that will hereinafter be referred to. The cause was tried by the court, and, upon findings of fact made by the court, judgment was rendered for the defendants. The plaintiff excepted.

By a written contract entered into July 9, 1915, the plaintiff agreed to sell to the defendants, and the defendants agreed to purchase of the plaintiff a dry goods business, stock, fixtures and good will. Provision was made for an invoice to be commenced not later than August 1, 1915, and upon the completion of the inventory the plaintiff was to deliver the property and the defendants were to accept and pay for the same. The amount required in payment was to be determined by the inventory. The plaintiff agreed to assign to the defendants a lease held by him of the store wherein the business was conducted, and the defendants agreed to take over the lease and carry out its terms or otherwise save the plaintiff harmless from all loss in consequence thereof.

The defendants agreed to carry out certain advertising contracts that the plaintiff had entered into so as to save him harmless therefrom, and to take over and pay for, at their unexpired value, certain insurance policies on the stock of goods in question.

The contract contained this provision: "Whereas it is agreed that the time and expense taking an inventory, and the loss of trade thereby occasioned would give damage to the seller in case the purchaser should fail or neglect to carry out his part of this agreement, now therefore to obviate dispute and litigation, as to the amount of damages in that event, it is hereby agreed that the damage to the seller in such case will be the sum of five hundred dollars."

For this sum it was agreed that the defendants should execute and deliver to the plaintiff their promissory note to be as and for liquidated damages if the defendants should fail to carry out their part of the "articles of agreement", but to be treated as a part of the purchase price in case they should carry out their part of the agreement.

In accordance with the contract the defendants executed and delivered to the plaintiff the five hundred dollar note in suit, a note which became payable August 8, 1915. The contract further provided that the plaintiff should execute and deliver to the defendants his promissory note for five hundred dollars to be for liquidated damages in case the plaintiff should not carry out his part of the agreement, but in case he should perform on his part to be null and void and to be returned to him. The plaintiff gave his note accordingly. The two notes were correlative in purpose and obligation. Each was given with a view to the exigency of a failure fully to perform on the part of the one or ones giving it.

Two days before the taking of the inventory was to begin, the defendants wrote the plaintiff that they would not make the purchase that they had agreed to make, and that there was no occasion to take an inventory or to close the store. They sent the plaintiff his note and asked for the return of theirs, that is, of the note in suit. No inventory was taken and the store was not closed.

The defendants distinctly and definitely broke the contract on their part. But they say that their note was to take effect only in case an inventory was taken, and that the events which would have made the note effective have never happened and, by their refusal to purchase as they agreed to do, can never happen.

However, their construction of the contract that they entered into is a mistaken one. Notwithstanding the words in the contract showing that it was agreed that the taking of an inventory

would cause damage and loss of trade, as to the amount of which no agreement was made, and that such fact suggested the idea of liquidated damages, the sum of five hundred dollars was fixed upon as the damage to the plaintiff in the event that the defendants should fail or neglect to carry out their part of the contract or articles of agreement, which was to purchase the business in question, its merchandise, fixtures and good will, and to take over the lease, advertising contracts and insurance policies.

The plaintiff offered to show that the value of the stock of goods and of the fixtures was about six thousand dollars, and that he had in fact suffered a loss of more than five hundred dollars by reason of the failure of the defendants to carry out their agreement. Evidence under this offer was excluded and the plaintiff took an exception.

But we have no occasion to consider this exception. The question of whether the sum of five hundred dollars should be considered as a penalty rather than as liquidated damages is not raised by the defendants. Their claim, as above stated, is simply the mistaken one that the events which were to make the note effective have never taken place.

*Judgment reversed and judgment for the plaintiff to recover five hundred dollars with interest thereon from August 8, 1915, and his costs.*